[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13431

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

*versus*

JABARRI VANSHON BROWN,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00053-WLS-TQL-1

_____

Before GRANT, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Jabarri Brown pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Brown's base offense level was 20 because he had previously been convicted of a "crime of violence"—aggravated assault with a deadly weapon under O.C.G.A § 16-5-21(a)(2). Based on Brown's offense level and criminal history, the district court calculated a Guidelines range of 51 to 63 months. It sentenced Brown to 51 months' imprisonment and three years of supervised release.

Brown now challenges the calculation of his offense level and resulting sentence. Although he does not dispute that he was convicted of aggravated assault, he argues that he was convicted under a different subsection of the statute, § 16-5-21(a)(4). And a conviction under this subsection, Brown claims, is not a crime of violence. Because we agree with the district court that Brown was convicted under subsection (a)(2), not (a)(4), we affirm.

## I.

The story of Jabarri Brown's sentence begins in 2017. In November of that year, Brown pleaded guilty to aggravated assault "with a firearm, a deadly weapon, by shooting multiple times in the direction of [the victim], in violation of O.C.G.A Section 16-5-21." Nearly four years later, Brown committed the offense at issue in this appeal. After driving to a woman's apartment, he knocked

on her door, waited for her to open it, and punched her in the face. When she tried to close the door, he kicked it open so hard that it damaged a wall inside. Officers arrived on the scene and arrested Brown for battery, criminal trespass, and damage to property. As the officers executed the arrest, they observed a semiautomatic pistol in the driver's seat of Brown's car. Brown told the officers he was a felon, and the officers seized the gun.

Brown pleaded guilty to possession of a firearm by a felon. For sentencing, the Probation Office calculated a base offense level of 20 because Brown had previously been convicted of a "crime of violence," the 2017 aggravated assault. *See* U.S. Sentencing Guidelines § 2K2.1(a)(4)(A) (Nov. 2023). Brown's offense level and criminal history yielded a Guidelines range of 51 to 63 months. The district court confirmed that the offense level and Guidelines range were correct. It determined that Brown was convicted of aggravated assault with a deadly weapon under O.C.G.A § 16-5-21(a)(2) and that a conviction under this section was a crime of violence. The court sentenced Brown to 51 months' imprisonment and three years of supervised release, which Brown now appeals.

## II.

We review the interpretation and application of the Sentencing Guidelines de novo. *United States v. Hicks*, 100 F.4th 1295, 1297 (11th Cir. 2024). We also review de novo "whether an offense is a 'crime of violence' within the meaning of the Sentencing Guidelines." *Id.*

### III.

The Guidelines assign a base offense level of 20 to a defendant who violates § 922(g)(1) after sustaining a felony conviction for a crime of violence.  *See* U.S.S.G. § 2K2.1(a)(4)(A).  It is undisputed that Brown pleaded guilty to aggravated assault in 2017.  But there are four kinds of aggravated assault under Georgia law, and two of the four can be triggered by using a gun.  Section 16-5-21(a)(2) covers assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."  O.C.G.A § 16-5-21(a)(2).  Section 16-5-21(a)(4), by contrast, applies to assaults "[w]ithout legal justification by discharging a firearm from within a motor vehicle or after immediately exiting a vehicle toward a person, an occupied motor vehicle, or occupied building."  *Id.* § 16-5-21(a)(4).

Brown argues that he was convicted under subsection (a)(4), not (a)(2).  This distinction matters because a "conviction for aggravated assault with a deadly weapon under O.C.G.A. § 16-5-21(a)(2) qualifie[s] as a crime of violence."  *Hicks*, 100 F.4th at 1298; *see United States v. Morales-Alonso*, 878 F.3d 1311, 1317–20 (11th Cir. 2018).  And this Court has not determined whether the same is true for a conviction under § 16-5-21(a)(4).

To determine which subsection of the statute Brown was convicted under, we may "look at a limited class of documents"—including "the indictment, jury instructions, and plea agreement."  *Morales-Alonso*, 878 F.3d at 1316 (quotation omitted).  The written

23-13431                Opinion of the Court                5

accusation to which Brown pleaded guilty states that he assaulted another person "with a firearm, a deadly weapon, by shooting multiple times in the direction of [the victim], in violation of O.C.G.A. Section 16-5-21." The accusation's language, "with . . . a deadly weapon," matches § 16-5-21(a)(2)'s language, "[w]ith a deadly weapon." And although the indictment uses the word "firearm" and states that Brown shot in the victim's direction, it never mentions an essential characteristic of § 16-5-21(a)(4): a motor vehicle. That subsection applies only when a firearm is discharged "from within a motor vehicle or after immediately exiting a vehicle." O.C.G.A. § 16-5-21(a)(4). Because the accusation more closely aligns with (a)(2), the district court did not err in determining that Brown was convicted under that subsection.

Brown also argues that this Court's prior decisions holding that a conviction under § 16-5-21(a)(2) is a crime of violence "lack a proper legal foundation" and fail to address "whether Georgia aggravated assault is overbroad." But there is no exception to the prior panel precedent rule that would allow us to consider these arguments. *See Hicks*, 100 F.4th at 1299–1300.

★    ★    ★

We **AFFIRM** the district court's sentence.